559 So.2d 644 (1990)
Jorge De MOYA, Jorge Juan De Moya, Alvaro De Moya, and Armando De Moya, for the Use and Benefit of Badgett Resources, Inc., a Florida Corporation, Appellants,
v.
Jose FERNANDEZ, Michael Garffer, Lonnie Padgett, Marion Mosely, Sawgrass Rock Quarry, Inc., a Florida Corporation, Brown Badgett, and Badgett Resources, Inc., a Florida Corporation, Appellees.
No. 88-2115.
District Court of Appeal of Florida, Fourth District.
March 7, 1990.
Rehearing Denied May 15, 1990.
Karen H. Curtis, P.A. of Shutts & Bowen, and Miguel A. Pirez-Fabar, Miami, for appellants.
John H. Payne, III, and Charles S. Dale, Jr., Fort Lauderdale, for appellees.
STONE, Judge.
This is an appeal by the plaintiffs, minority shareholders, from an order dismissing a corporate derivative action. The receiver for the corporation, Defendant-Badgett, filed the motion to terminate the litigation as being in the best interests of the corporation. The suit involved allegations of wrongdoing against the majority directors and the receiver, who was also the principal creditor of the business, for matters occurring prior to his appointment as receiver. The court appointed receivership attorney filed the motion to terminate in the receiver's name. The trial court found the suit could not result in the corporation having assets in excess of the existing liabilities owed to the receiver-Badgett, individually.
*645 The trial court adopted a procedure used in many jurisdictions which permit a special litigation committee of disinterested corporate directors to control or recommend the dismissal of shareholder derivative actions if in the best interests of the corporation. See generally Zapata Corp. v. Maldonado, 430 A.2d 779 (Del. 1981); Auerbach v. Bennett, 47 N.Y.2d 619, 419 N.Y.S.2d 920, 393 N.E.2d 994 (1979). Jurisdictions differ regarding whether the trial court must make an independent business judgment, as to the best interest of the corporation, before accepting a recommendation by a special litigation committee to terminate the litigation. However, in either event, a trial court must make a determination that the committee recommending dismissal is independent, acting in good faith and has a reasonable and objective basis for its report. Zapata Corp. v. Maldonado; Auerbach v. Bennett. See also Block, Prussin & Wachtel, Dismissal of Derivative Actions Under the Business Judgment Rule: Zapata One Year Later, 38 Bus.Law. 401 (1983); Cox, Searching for the Corporation's Voice in Derivative Suit Litigation: A Critique of Zapata and the Alf Project, 6 Duke L.J. 959 (1982).
We reverse the order granting the motion and dismissing this action. We reverse because the record reflects insufficient evidence upon which to evaluate the thoroughness of the report or the independence of the receiver's attorney, whose recommendation was accepted by the court. In addition, the record reflects inadequate sworn testimony or evidence from which to make any findings.
The appellants do not contest the authority of the trial court to enter an order dismissing the suit if it is based on an objective recommendation by an independent and unbiased receiver or counsel for the corporation. Nevertheless, the appellants assert that the defendant-receiver and his attorney, despite being court appointed, are not impartial because the receiver is also a defendant, and, therefore, should not be selected to act in lieu of a special litigation committee. Appellants also argue that the appellees failed to meet their burden of proving that the report was objective and disinterested. Additionally, the appellants contend that they have been deprived of an evidentiary hearing and the opportunity to cross examine on these issues.
The trial court initially determined that the issues raised by the motion to terminate would be decided by an evidentiary hearing. The issues to be resolved by the anticipated evidentiary hearing would include the good faith and disinterested nature of the report, whether the recommendation to dismiss was objectively reasonable and whether the trial court concurred. However, in the course of a pretrial conference, based upon representations made by receiver's counsel, the court accepted the receiver's unsworn submissions subject only to the appellants' right to file a memorandum in opposition. At no time have the appellants had the opportunity to cross examine witnesses, nor were the lawyers, speaking individually or on behalf of the receiver, under oath.
We recognize the appellants' objections to the prehearing procedure the court followed were very general and perhaps inartfully stated. Nevertheless, we are satisfied the objections raised were sufficient to require either the protection of a summary judgment proceeding or an evidentiary hearing with respect to the disputed issues of bias, conflict of interest, objectivity and reasonableness in the preparation and presentation of the report. Apparently the court was satisfied as to these issues because the attorney for the receiver had been appointed by the court. However, in the absence of sworn testimony we have an insufficient record upon which to evaluate the court's conclusions on these issues.
Although we approve of the general approach adopted by the trial court in considering a report by, or in the name of, the receiver in the absence of independent directors, we need not determine in this appeal whether the second stage determination required by Zapata, requiring the exercise of independent business judgment by *646 the court, in addition to accepting the report, is mandated in all cases.[1]
Therefore, the order of dismissal is reversed and the cause remanded for further proceedings.
LETTS and WALDEN, JJ., concur.
NOTES
[1] We note that the recently adopted 1990 Fla. Sess. Law Serv. 89-154 (West) (Florida Business Corporation Act) did not include the second stage determination.