James T. McDONOUGH, et al., Plaintiffs,

v.

AMERICOM INTERNATIONAL CORPORATION, etc., et al., Defendants.

No. 92–273–CIV–T–17(C).

United States District Court, M.D. Florida, Tampa Division.

June 23, 1995.

Order Denying Reconsideration Oct. 11, 1995.

William T. Kirtley, William T. Kirtley, P.A., Sarasota, FL, for plaintiffs.

James T. McDonough, Sarasota, FL, pro se.

Maurice L. Lariviere, MayDay Financial Services, Inc., Venice, FL, pro se.

Kathy Gibbens, Nevada City, CA, pro se.

George Schroder, Nevada City, CA, pro se.

Bruce Brashear, Watson, Folds, Steadham, Christmann, Brashear & Tovkach, Gainesville, FL, Barry A. Mandelkorn, Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, FL, for defendants.

### ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' Motion to Terminate Action pursuant to Fed.R.Civ.P. 23.1, or alternatively, for Summary Judgment, Supplement (Docket Nos. 75 and 88) with supporting affidavit (Docket No. 76), and Plaintiff's reply (Docket No. 86).

### CASE BACKGROUND

On March 2, 1992, Plaintiffs filed this shareholder derivative suit against Americom International Corporation (Americom) and Paul E. Tatum (Tatum), as majority share-

holder of Americom. Plaintiffs allege that Tatum violated federal and Florida securities laws by his failure to re-distribute a "substantial portion" of his shares in Americom to other management personnel as required under a contractual provision. Plaintiffs further allege that Tatum prematurely exercised his option to buy warrants in Americom before an enforceable right existed to establish a corporate and business center in Moscow. Plaintiffs also allege misappropriation of corporate assets and fraud.

On March 31, 1992, the Board of Directors of Americom authorized the formation of a two-person Committee for the purpose of investigating the allegations against Tatum. The Board authorized the Committee to act on behalf of Americom in defending and settling the derivative shareholder action and empowered the Committee to hire special counsel, Ira S. Goldenberg (Goldenberg), to advise the Committee and represent Americom in the matter.

### GOLDENBERG REPORT

In Goldenberg's initial report, supplemental report and addendum to the initial and supplemental reports to the Committee, he concluded that the enforceable right to establish a corporate and business center in Moscow had vested at the time Tatum exercised his stock purchase warrant.

The reports further determined that the contractual provision requiring Tatum to re-distribute a "substantial portion" of his shares was vague. The reports stated that Plaintiffs were aware or should have been aware of facts giving rise to this claim, thus barring the claim by the statute of limitations when Plaintiffs failed to commence their action by August 21, 1991.

Goldenberg further concluded that Tatum had not misappropriated corporate assets. He determined that the Committee could conclude that Tatum was entitled to receive salary compensation equal to $649,133.33 and reimbursements for expenses equal to $451,-428.46 from the years 1990 through 1993. Based upon Americom's records, and the report of a payroll service company retained by Americom, Goldenberg concluded that from 1990 through 1993, Tatum received compensation equal to $884,306.46, which included cash advances and reimbursable expenses.

Goldenberg further suggested that the Committee conduct a meeting to investigate past occurrences regarding Tatum's compensation and reimbursements, and to implement procedures for achieving greater financial control over compensation and reimbursements to be paid to Tatum.

### COMMITTEE REPORT

The Committee issued its report on July 27, 1994, based upon Goldenberg's three reports and their personal knowledge and experience. The Committee concluded that the allegations in Plaintiffs' complaint were without merit and recommended that Americom not pursue Tatum for the alleged wrongdoings.

The Committee agreed with Goldenberg's conclusion that Tatum exercised his stock purchase warrant when Americom had an enforceable, vested right in the Moscow headquarters. The Committee further agreed with Goldenberg that Tatum's agreement to re-distribute a portion in his shares was ambiguous and a claim would be a waste of Americom's time and resources. The Committee also agreed with Goldenberg that this claim was barred by the statute of limitations.

The Committee concluded that Tatum had not misappropriated corporate assets. The Committee determined that Tatum was entitled to receive salary compensation from the years 1990 through 1993, equal to $657,800, and reduced Goldenberg's recommended amount of reimbursement for expenses to $420,771.25. The Committee concluded that Tatum had actually received compensation in the amount of $884,306.46.

### STANDARD OF REVIEW

This Circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt

as to the existence of a genuine issue of material fact must be resolved against the moving party and in favor of the non-moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994 (5th Cir.1969). Factual disputes preclude summary judgment.

In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court of the United States held:

> In our view the plain language of Rule 56(c) mandated the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.*, 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires the non-moving party to go beyond the pleading and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. A dispute is genuine, and summary judgment inappropriate, if a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

### MOTION TO TERMINATE ACTION PURSUANT TO FED.R.CIV.P. 23.1, OR FOR SUMMARY JUDGMENT

Defendants request that the Court terminate this action pursuant to Fed.R.Civ.P. 23.1, on the basis of the Committee's report, or alternatively, grant summary judgment against Plaintiffs.

■ State law governs the authority of independent directors to discontinue derivative suits. *Burks v. Lasker*, 441 U.S. 471, 484, 99 S.Ct. 1831, 1841, 60 L.Ed.2d 404 (1976); *Peller v. Southern Co.*, 911 F.2d 1532, 1536 (11th Cir.1990). Under Florida law, the courts follow a procedure permitting a special litigation committee of disinterested corporate directors to control or recommend the dismissal of shareholder derivative actions if in the best interest of the corporation. *De Moya v. Fernandez*, 559 So.2d 644, 645 (Fla. 4th DCA 1990). Furthermore, a trial court must determine that the recommending committee is independent, acting in good faith and has a reasonable and objective basis for its report. *De Moya*, 559 So.2d at 645. Section 607.07401, *Florida Statutes*, provides:

> (3) The court may dismiss a derivative proceeding if, on motion by the corporation, the court finds that one of the groups specified below has made a determination in good faith after conducting a reasonable investigation upon which its conclusions are based that the maintenance of the derivative suit is not in the best interest of the corporation. The corporation shall have the burden of proving the independence and good faith of the group making the determination and the reasonableness of the investigation. The determination shall be made by:
>
> (a) A majority vote of independent directors present at a meeting of the board of directors, if the independent directors constitute a quorum;
>
> (b) A majority vote of a committee consisting of two or more independent directors appointed by a majority vote of independent directors present at a meeting of the board of directors, whether or not such independent directors constitute a quorum; or
>
> (c) A panel of one or more independent persons appointed by the court upon motion by the corporation.

■ Defendants have failed, under section 607.07401, *Florida Statutes*, to sustain their burden of proof regarding the independence and good faith of the Committee and the reasonableness of the Committee's investigation. This Court will not consider whether it must make an independent business judgment as to the best interest of the corporation, before accepting a recommendation by a special litigation committee to terminate litigation.

Defendants contend that the Committee is independent, acted in good faith, and conducted a reasonable investigation. Plaintiffs point out that Americom's "independent committee" of the Board of Directors consists of

Frederick Kayden and J.D. Allen. The only other member of Americom's Board of Directors is Defendant Tatum. Plaintiffs contend that it is inconceivable that Kayden and Allen are acting independently of Tatum, due to Tatum's voting control of Americom.

The Court finds the Plaintiffs' response to this Motion (Docket No. 86) and Plaintiff Kathy Gibbens' (Gibbens) deposition (Docket No. 90) are sufficient to establish questions of material fact as to the independence and good faith of the Committee, and the reasonableness and objectiveness of the Committee's investigation.

■ Defendants further contend that this Court should dismiss the federal securities claim in Count I because that claim is barred by the statute of limitations. That claim will be barred if not commenced within one year after discovery of the facts constituting the violation, but no more than three years from the violation. *Lampf, Pleva, Lipkind & Petigrow v. Gilbertson*, 501 U.S. 350, 362, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991). Defendants present case law of two other federal courts which held that, in a shareholder derivative action, the statute of limitations begins to run when persons holding positions of responsibility within the corporation are aware of the fraud. *Liken v. Shaffer*, 64 F.Supp. 432, 442 (N.D.Iowa 1946); *Laird v. United Shipyards*, 163 F.2d 12, 15 (2d Cir.1947). In addition, the statute of limitations commences when the facts forming the basis of the cause of action are known or should have been known. *Vigman v. Community National Bank and Trust Company*, 635 F.2d 455, 459 (5th Cir.1981).

Defendant's state that Goldenberg's Supplemental Report, supported by the Board's minutes, indicates that Tatum's agreement to re-distribute a "substantial portion" of his shares occurred on March 22, 1989. Defendants contend that, according to Goldenberg's investigation, former Plaintiff and independent director Scott Klososky (Klososky) and independent director Robert Schmidt (Schmidt) knew or should have known of Tatum's position regarding the redistribution of his shares as early as April 12, 1990. Further, Defendants argue that Plaintiff McDonough admitted that former directors Klososky and Schmidt were knowledgeable about the workings of Americom. On this evidence, Defendants contend that Plaintiffs' federal securities claim should be time-barred when Plaintiffs failed to commence this action by April 12, 1991.

Defendants contend that because Plaintiffs commenced this lawsuit on March 2, 1992, nearly two years after the execution of the agreement, Plaintiffs' federal securities claim should be time-barred.

■ This Court finds that Plaintiffs did commence this action within one year of discovery of the facts constituting the violation, but no more than three years from the violation. The Court finds that the federal claim is not time-barred. Defendants have failed to produce sufficient evidence to establish that the facts forming the basis of the cause of action were known or should have been known to Klososky and Schmidt as early as April 12, 1990.

In Defendants' Supplement to Motion to Terminate Action pursuant to Fed.R.Civ.P. 23.1, or alternatively, for Summary Judgment (Docket No. 88), Defendants contend that Plaintiffs' state law securities claims are barred by the statute of limitations on the basis of Gibbens' deposition (Docket No. 90). Defendants contend that Plaintiff's admission of a possible problem indicates that Plaintiff Gibbens either knew or should have known of the facts giving rise to this cause of action at that time. Defendants contend that the state claims are time-barred because Plaintiffs failed to commence the action by April, 1991.

Section 95.11(4)(e), *Florida Statutes* provides:

(4) Within two years.—

(e) An action founded upon a violation of any provision of chapter 517, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, but not more than 5 years from the date such violation occurred.

In her deposition (Docket No. 90), Gibbens states that she learned of the possibility of a problem concerning Tatum's transfer of a

"substantial portion" of his shares in April 1989. (R. 25–27). Gibbens further states that she received one million five hundred thousand shares on November 18, 1990. She believed this to be Tatum's attempt to satisfy his requirement to transfer a "substantial portion" of his shares. (R. 27). However, Plaintiff Gibbens interpreted the "substantial portion" requirement to be a transfer of 25 percent of Americom's shares to each of three individuals. This would equal 75 million shares each, compared to the 1.5 million shares actually received.

■ This Court finds that Plaintiffs did commence this action within two years from the time the facts giving rise to the cause of action were discovered or should have been discovered. Gibbens learned of the possibility of a problem concerning Tatum's transfer requirement in April, 1989. The facts giving rise to Tatum's alleged failure to satisfy this requirement were not discovered until November 18, 1990, when Tatum failed to transfer what Gibbens considered to be a "substantial portion" of his shares. Plaintiffs commenced this action on March 2, 1992, within the two year statute of limitations period.

### MOTION TO DISMISS GIBBENS PURSUANT TO FED.R.CIV.P. 23.1

In Defendants' Supplement to Motion to Terminate Action pursuant to Fed.R.Civ.P. 23.1, or alternatively, for Summary Judgment (Docket No. 88), Defendants contend that Gibbens should be dismissed because she was not a shareholder or member of Americom at the time of the transaction of which she complains, and Gibbens does not fairly and adequately represent the interests of other shareholders or members similarly situated in enforcing the rights of Americom.

Fed.R.Civ.P. 23.1 provides:

In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law, and (2) that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have.

Fed.R.Civ.P. 23.1 further provides that a derivative action "may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association."

Defendants contend that Gibbens admitted in her deposition (Docket No. 90) that she first owned shares in Americom in November, 1990. According to Count I of the Complaint (Docket No. 1), Plaintiffs' securities claim arises out of the agreement, executed on March 22, 1989, which required that Tatum re-distribute a "substantial portion" of his shares. (R. ¶¶ 8–11). For these reasons, Defendants assert Gibbens should be dismissed as a party to this action under the "plain requirements" of Rule 23.1.

■ The Court denies the request that Gibbens be dismissed as a party to this action. In the Complaint (Docket No. 1), Plaintiffs alleged that each Plaintiff was, or had been, a holder of Americom shares at all times material to the Complaint. (R. ¶ 6). In her deposition (Docket No. 90), Gibbens admitted that she first acquired stock in Americom on November 28, 1990. (R. 10–12). The agreement requiring Tatum to re-distribute a "substantial portion" of his shares was executed on March 22, 1989.

However, the transaction complained of by Plaintiffs is Tatum's failure to re-distribute a "substantial portion" of his shares. On November 28, 1990, Tatum allegedly committed what Gibbens considered to be a breach of the agreement. Further, the terms of the agreement entitle Gibbens to receive a portion of Tatum's re-distribution of shares. Gibbens' possession of Americom shares devolved after commencement of the action by operation of law. Therefore, Gibbens is a

proper party to this action under the "plain requirements" of Fed.R.Civ.P. 23.1.

Defendants further contend that Gibbens does not fairly and adequately represent the interests of other Americom shareholders. Defendants base these contentions on Gibbens' deposition (Docket No. 90), allegations that Gibbens lacks knowledge concerning the facts of this case, allegations that Gibbens has failed to cooperate in discovery, and has made false allegations in the Complaint.

■ In determining whether a plaintiff will fairly and adequately represent the interests of other shareholders the court will consider whether the plaintiff: (1) is a true party in interest; (2) is familiar with the litigation and willing to learn about the suit; (3) is supported by other shareholders; and (4) maintains a personal commitment to the suit. *Rothenberg v. Security Management Co., Inc.,* 667 F.2d 958, 960 (11th Cir.1982). This Court finds that Gibbens is a true party in interest, is familiar with the suit and willing to learn more about the suit, is supported by other shareholders, and maintains a personal commitment to the suit. Gibbens did not make false allegations as to her status in the Complaint, and the deposition given by Gibbens clearly indicates her willingness to cooperate in discovery. Accordingly, it is

**ORDERED** that the Motion to Terminate Action pursuant to Fed.R.Civ.P. 23.1 be **denied** (Dkts. 75–1, 88–1); the Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 be **denied** (Dkt. 75–2, 88–2); the Motion to Dismiss the federal claim in Count I as barred by the statute of limitations be **denied;** the Motion to Dismiss the state claim in Count I as barred by the statute of limitations be **denied;** and the Motion to Dismiss Gibbens as an improper plaintiff pursuant to Fed.R.Civ.Pro. 23.1 be **denied.** Plaintiff Gibbens' Motion to Continue Pretrial Conference (Dkt. 83) is **denied** as moot.

**DONE and ORDERED.**

*ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION, OR ALTERNATIVELY, TO AMEND THE JUNE 23, 1995 ORDER*

This cause is before the Court on the Defendants' Motion for Reconsideration, or Alternatively, to Amend June 23, 1995 Order ("Order") (Docket No. 93).

**MOTION FOR RECONSIDERATION**

Defendants contend that the Court incorrectly applied the summary judgment standard of review in determining whether the action should be terminated pursuant to Fed. R.Civ.P. 23.1. Defendants also contend that the Court incorrectly determined that the statute of limitations begins to run upon actual knowledge of a securities violation and not at a time when the violation should have been known.

■ A motion for reconsideration must demonstrate one of three grounds recognized by courts: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or manifest injustice. *Kern–Tulare Water Dist. v. City of Bakersfield,* 634 F.Supp. 656, 665 (E.D.Cal.1986).

■ Defendants misinterpreted the Order denying the Defendants' Motion to Terminate pursuant to Fed.R.Civ.P. 23.1 ("Motion") (Dkt. No. 75). The summary judgment standard was not utilized by the Court in determining that portion of the Motion. The Court followed the correct procedure. (Order at 5–6). The Court will not reconsider when the Motion does not raise new issues, but only relitigates what has already been found lacking. *Government Personnel Services, Inc. v. Government Personnel Mutual Life Insurance Co.,* 759 F.Supp. 792, 793 (M.D.Fla.1991). Accordingly, for the reasons stated below, the Court **denies** Defendants' Motion for Reconsideration of the June 23, 1995 Order (Dkt. No. 94).

**1) Determining whether the action should be terminated pursuant to Fed.R.Civ.P. 23.1.**

State law governs the authority of independent directors to discontinue derivative suits. *Burks v. Lasker,* 441 U.S. 471, 484, 99 S.Ct. 1831, 1841, 60 L.Ed.2d 404 (1976); *Peller v. Southern Co.,* 911 F.2d 1532, 1536 (11th Cir.1990). Florida courts permit a special litigation committee of disinterested corpo-

rate directors to recommend the dismissal of shareholder derivative actions. *De Moya v. Fernandez*, 559 So.2d 644, 645 (Fla. 4th DCA 1990). Where such a committee is selected, and a recommendation of termination is made, the court must make a determination that the committee is independent, acting in good faith, and has a reasonable and objective basis for its report. *Id.* This court made such a determination, and found that the committee was not shown to be independent, acting in good faith, and with a reasonable and objective basis for its report. (Order at 6).

Defendants' Motion for Reconsideration overlooks Florida Statute § 607.07401 (order at 5), which states the corporation has the burden of proving the committee's independence, that it was acting in good faith, and with a reasonable and objective basis for its report. Defendants, in their Motion for Reconsideration, attempt to shift the burden to Plaintiffs to prove the committee's lack of independence, failure to act in good faith, and without a reasonable and objective basis for its report. Florida Statute § 607.07401 places the burden on the defendant. This Court found that Defendants did not sustain that burden. (Order at 6).

## 2) Determining whether Summary Judgment should be granted.

Within Defendants' Motion to Terminate pursuant to Fed.R.Civ.P. 23.1, Defendants request that in the alternative summary judgment be entered against Plaintiffs. (Dkt. No. 75). This Court found that questions of material fact exist, and denied the Motion for Summary Judgment.

### a) Determining whether the federal securities violation claim is barred.

Defendants contend that the Court failed to consider the "abundance" of unrebutted evidence that suggests Plaintiffs knew in April, 1990 of Defendants' alleged fraud. Defendants contend that the Court did not consider the Board of Director Minutes, attached to the Affidavit in Support of the Motion, as Exhibit B. To the contrary, the Order addresses the evidence Defendants submitted in support of the Motion.

■ Fed.R.Civ.P 56(e) calls for the party opposing the Motion for Summary Judgment to submit to the court by an affidavit or otherwise, facts showing a genuine issue for trial. However, even where such documentation is not presented by the opposing party, the court may deny the motion for summary judgment when the moving party has failed to shoulder their burden. The Court found that there was insufficient evidence to establish Plaintiffs' knowledge. Therefore, the Court found that the claim was not barred by the statute of limitations. (Order at 8).

### b) Determining whether the state law securities claim is barred by the statute of limitations.

Defendants contend that the court failed to consider the deposition testimony of Plaintiff Kathy Gibbens. In her deposition, Gibbens states that she knew there was a problem in 1989 with Defendant Tatum redistributing the corporations shares as he had agreed. However, the court considered this evidence and found the action was commenced within the appropriate statute of limitations period, because Plaintiff Gibbens was not aware of the facts giving rise to the cause of action until 1990, when Tatum distributed only one million five hundred Americom shares to Gibbens. (Order at 9).

## MOTION TO AMEND THE JUNE 23, 1995 ORDER

■ Defendants request that the Order be amended to allow an appeal pursuant to 28 U.S.C. § 1292(b). Title 28 U.S.C. § 1292(b) allows an appeal if: (1) the decision involves a controlling question of law as to which there is substantial ground for difference of opinion; and (2) an immediate appeal may materially advance the ultimate termination of the litigation. *Peller v. Southern Company*, 911 F.2d 1532, 1536 (11th Cir. 1990). Accordingly, for the reasons stated below, the Court **denies** Defendants' motion to amend the order.

■ The order does not involve a controlling question of law as to which there is substantial ground for difference of opinion. Defendants misinterpreted the Court's appli-

cation of the standard of review. The Court applied the correct standard in considering Defendants' Motion to Terminate pursuant to Fed.R.Civ.P. Second, an appeal of the statute of limitations, as applied in the Order, would seek a review of the underlying factual disputes. An appeal of the Order would not advance the ultimate termination of the litigation. The factual disputes must be resolved on the trial level before any appeal. Accordingly, it is

**ORDERED** that the motion for Reconsideration of the June 23, 1995 Order be **denied** (Dkt. No 94), and the Motion to Amend the June 23, 1995 Order be **denied** (Dkt. No. 94).

**DONE and ORDERED.**