Elizabeth Duda KLOHA, individually, and on behalf of A. Duda & Sons, Inc., Plaintiff,

v.

Edward D. DUDA, Ferdinand S. Duda, Clark Daugherty, R. Ray Goode, Allan R. Nagle, William W. Heintz and A. Duda & Sons, Inc., Defendants.

No. 6:01CV1371–ORL–31JGG.

United States District Court, M.D. Florida, Orlando Division.

Oct. 2, 2002.

Stephen D. Busey, James Arthur Bolling, Smith, Hulsey & Busey, Jacksonville, FL, for Elizabeth Duda Kloha, individually, and on behalf of A. Duda & Sons, Inc., a Florida corporation, plaintiffs.

Julie M. O'Daniel, Theodore Joseph Sawicki, Alston & Bird, LLP, Atlanta, GA, for Edward D. Duda, Ferdinand S. Duda, Clark Daugherty, R. Ray Goode, Allan R. Nagle, William W. Heintz, defendants.

Darryl M. Bloodworth, Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A., Orlando, FL, Julie M. O'Daniel, Theodore Joseph Sawicki, Alston & Bird, LLP, Atlanta, GA, for A. Duda & Sons, Inc., a Florida corporation, defendants.

## ORDER

PRESNELL, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss counts I and II of the complaint (Doc. 40, filed July 1, 2002), to which Plaintiff has responded in opposition. (Doc. 44, filed July 16, 2002.)

### I. BACKGROUND

A. Duda & Sons, Inc. ("the Company") moves to dismiss a shareholder derivative suit brought by Elizabeth Duda Kloha ("Kloha") against the Company and six of its ten directors ("the Defendant Directors," collectively "Defendants"). On

September 26, 2001, Kloha demanded that the Company either purchase its minority shareholders' interests, including Kloha's, for $54 million or initiate a shareholder derivative suit. On November 2, 2001, Kloha again requested that the Company file a derivative action against certain directors for breach of fiduciary duty. Pursuant to Florida law, the Company appointed Allan R. Nagle ("Nagle") and R. Ray Goode ("Goode"), two of the Defendant Directors, to an independent committee ordered to conduct a reasonable, good faith investigation of Kloha's allegations. Nagle and Goode concluded that Kloha's claims were meritless and that a derivative suit was against the Company's best interests. Defendants subsequently moved to dismiss Kloha's suit.

In 1926, Andrew Duda, Sr. founded the Company. It began as a celery farm, but grew to encompass other vegetables, citrus, sod, sugar cane, livestock and land development. Andrew Duda, Sr. had three sons: John, Ferdinand, and Andrew, Jr. These sons' descendants, especially John and Ferdinand's, comprise a significant portion of the Company's payroll. Indeed, six of the Company's ten directors are descended from Andrew Duda, Sr.[1] The other four directors are not Duda relatives.[2]

In 1989, a majority of the Company's shareholders created a ten year voting trust, by which John L. Duda, John's son, and Ferdinand S. Duda, Ferdinand's son, had power to vote a majority of Company shares. As Trustee and Controlling Shareholder, Ferdinand S. Duda subsequently controlled the Board of Directors from 1989 to 1999. Andrew, Jr.'s descendants, including Kloha, became minority shareholders.

From 1996 to 1999, Kloha alleges that the Defendants, motivated by self-interest and a desire to employ themselves and other Duda family members, engaged in unprofitable activities. Specifically, Kloha claims that Defendants failed to identify and dispose of unprofitable operations, and concealed operating losses with land sales. Kloha states that the Company's value declined by over $63 million during this time.

The Company's directors, with the exception of Ferdinand S. Duda and Edward D. Duda, appointed a committee to investigate Kloha's claims. These directors, including four Defendant Directors,[3] appointed Nagle and Goode to conduct a reasonable, good-faith and objective inquiry into Kloha's allegations. Nagle and Goode receive annual compensation from the Company for their board positions, but do not own Company stock or other interests.

With the assistance of independent outside counsel, Nagle and Goode prepared a report which concluded that the Company should not initiate a derivative lawsuit. Nagle and Goode conducted interviews with 28 people associated with the Company. They interviewed the entire Board of Directors, senior managers, retired Company officers, third-party service providers, and a number of majority and minority shareholders. Certain minority shareholders, including Kloha, declined to

---

1. Two directors are descended from each of Andrew Duda, Sr.'s sons. John L. Duda and Edward D. Duda are descended from John. Ferdinand S. Duda and Bruce Hrincir are descended from Fordinand. Andrew L. Duda and Andrew L. Duda, Jr. are descended from Andrew, Jr. Edward D. Duda and Ferdinand S. Duda are Defendant Directors.

2. The other directors are Nagle, Goode, Clark Daugherty and William W. Heintz. All four are Defendant Directors.

3. The remaining directors were Nagle, Goode, Clark Dangherty, William Heinz, John L. Duda (descended from John), Bruce Hrincir (Ferdinand), Andrew L. Duda (Andrew, Jr.) and Andrew L. Duda, Jr. (Andrew, Jr.).

participate in the investigation. Nagle and Goode also reviewed documents and ultimately concluded that the Defendants acted appropriately under the Company's bylaws and Florida law. Therefore, the Company refused to initiate a derivative lawsuit, an action that precipitated the instant case.

## II. DISCUSSION

Florida law governs the authority of independent directors to discontinue derivative suits. Fla. Stat. § 607.07401(3) states that the Court may dismiss this proceeding if it finds that Nagle and Goode made a good-faith and reasonable determination that a derivative suit was not in the best interests of the Company.[4] The Company has the burden of proving Nagle and Goodes' independence and good faith, as well as the reasonableness of the investigation. Fla. Stat. § 607.07401(3). Because the Court concludes that Nagle and Goode were not independent, it need not consider the reasonableness of their investigation.

Nagle and Goode are not independent because of the possible personal liability they face as a result of Kloha's lawsuit. Kloha represents that her damages are between $63 and $210 million, an amount vastly in excess of the indemnification policy that Defendants contend rendered Nagle and Goode independent. The liability limit of the Company's insurance policy is $10 million, and the policy does not cover losses stemming from purposeful misconduct, which Kloha alleges.

Furthermore, while Defendants downplay the compensation Nagle and Goode received from the Company for their director positions, the Court finds that the amount was not *de minimus*. Neither Nagle or Goode is currently employed.

The Company paid them an average salary of $30,000 per year for ten years, plus retirement benefits. (Doc. 57, Exhibit 9.) These payments directly implicate Nagle and Goodes' independence.

Finally, controlling case law dictates that Defendants' motion to dismiss must be denied. *See McDonough v. American Int'l Corp.,* 905 F.Supp. 1016, 1020–21 (M.D.Fla.1995). The *McDonough* court denied a corporation's motion for summary judgment in an analogous suit governed by Fla. Stat. § 607.07401(3). The court held that the corporation did not meet its burden of demonstrating that the two members of the independent committee were independent when they were also corporate directors. *McDonough,* 905 F.Supp. at 1020. Unlike the instant case, the McDonough court made this determination even though the independent committee members were not defendants and faced no personal liability. *Id.* at 1018–19.

Kloha has alleged that Defendants, including Nagle and Goode, motivated by self interest, consciously caused the Company to become less profitable. This allegation exposed Nagle and Goode, well-compensated Defendant Directors, to potentially crippling personal liability that was not covered by the Company's indemnification policy. Although the Court makes no determination on the substantive accuracy or thoroughness of their report, the Court concludes that it was impossible for Nagle and Goode to maintain their independence in the face of such potential harm.

## III. CONCLUSION

For the foregoing reasons, it is **OR-DERED** and **ADJUDGED** that:

---

**4.** Although the Company appointed Nagle and Goode to conduct the investigation, this was not the only possible course of action. Under Fla. Stat. § 607.07401(3)(c), the Company could have allowed the Court to appoint "a panel of one or more independent persons," a procedure likely to have prevented the issues addressed herein.

Defendant's Motion to Dismiss (Doc. 40, filed July 1, 2002) is **DENIED.**