874 So.2d 626 (2004)
B. Martin ATKINS, in his derivative capacity as a shareholder on behalf of Topp Comm, Inc., a Florida Corporation, Appellant,
v.
TOPP COMM, INC., Topp Telecom, Inc. n/k/a Tracfone Wireless, Inc., Greenberg Traurig, P.A., David Topp, and Rebecca Orand, Appellees.
No. 4D03-1489.
District Court of Appeal of Florida, Fourth District.
April 7, 2004.
Rehearing Denied June 22, 2004.
*627 J. Ken Johnson and Andres C. Pereira of Fleming & Associates, LLP, Houston, Texas; Mike O'Brien of Mike O'Brien, P.C., Houston, Texas; Donald J. Hayden and Jonas C. Packer of Baker & McKenzie, Miami, and E. Cole Fitzgerald, III and Gregory D. Cook of Fitzgerald, Hawkins, Mayans & Cook, P.A., West Palm Beach, for appellant.
David P. Ackerman and Carla L. Brown Harward of Ackerman, Link & Sartory, P.A., West Palm Beach, for Appellee-Topp Comm, Inc.
L. Louis Mrachek, Alan B. Rose, and Jennilynn E. Lawrence of Page, Mrachek, Fitzgerald & Rose, P.A., West Palm Beach, for Appellees-Greenberg Traurig, P.A. and Rebecca Orand.
Alan D. Lash and Lorelei J. Van Wey of Lash & Goldberg LLP, Miami, for Appellee-David Topp.
STONE, J.
Martin Atkins brought this shareholder's derivative suit on behalf of Topp Comm, Inc. against Appellees, Topp, Greenberg Traurig, and Orand, in addition to others. We affirm an order finding that it was not in Topp Comm's best interest to pursue the claim and dismissing the action as to the three Appellees.
The dismissal is based on the trial court's conclusion that the independent investigator, a retired circuit court judge agreed to by the parties, acted reasonably and with good faith in conducting his investigation. The independent investigator examined the merits of the proposed claims and concluded that this derivative suit was not in Topp Comm's best interest. The record reflects that the independent investigator conducted numerous witness interviews, reviewed relevant documents, sought input from the attorneys for both sides, kept both sides advised as the investigation progressed, obtained the advice of independent experienced counsel, and presented a lengthy report to the court.
One of the issues raised on appeal is whether the trial court was required to engage in a "second-step analysis," as did the court in Zapata Corp. v. Maldonado, 430 A.2d 779 (Del.1981), and abused its discretion in adopting the independent investigator's findings. We conclude that trial courts in this state are not required to evaluate the reasonableness of an independent investigator's final recommendation, pursuant to the second-step analysis in Zapata.
In Zapata, the court held that, when ruling on a motion to dismiss, a court should inquire into the independence and good faith of the special investigative committee, as well as into whether the committee conducted a reasonable analysis in support of its recommendations. Id. at 788. In an effort to balance the interests of a corporation against those of a special investigative committee, the Zapata court further provided the trial courts with the discretion to then "apply its own business judgment" in order to determine whether the committee recommendation was supported by the evidence. Id. at 789.
*628 In DeMoya v. Fernandez, 559 So.2d 644, 645 (Fla. 4th DCA 1990), a case decided prior to the enactment of section 607.07401(3), Florida Statutes, this court recognized the holding in Zapata permitted a special litigation committee to make a recommendation as to whether the derivative suit was in the best interest of a company.[1] We further explained that, pursuant to Zapata, the trial court must determine whether an independent investigative committee acted with independence, good faith, and reasonableness. Id. Because the DeMoya court found that the special investigative committee had not engaged in a reasonable investigation, this court did not address whether Florida law required courts to apply the second-step in Zapata and exercise its own independent business judgment before accepting the final recommendation of the committee. Id. at 645-46; see Klein v. FPL Group, Inc., 2003 WL 22768424 (S.D.Fla. Sept.26, 2003); see also McDonough v. Americom Int'l Corp., 905 F.Supp. 1016 (M.D.Fla. 1995).
Klein is the most recent opinion to discuss whether a trial court must exercise its own business judgment pursuant to Zapata. In Klein, the federal district court recognized that the plain language of section 607.07401(3), Florida Statutes, requires the corporation to prove a special investigative committee's independence, good faith, and reasonable investigation. Klein, 2003 WL 22768424 at *8. The court declined to make a determinative ruling as to the application of Zapata, instead stating that "even if this Court retains discretion to apply its `independent business judgment,' despite the omission of this step from [section 607.07401(3), Florida Statutes], it should apply that judgment based on the record created with respect to the first step of the determination." Id.
The plain language of section 607.07401(3), Florida Statutes, does not require Zapata's second-step analysis. Had the legislature intended to mandate such an analysis by the trial court, it would have likely specified so, particularly after this court expressed reservations about applying Zapata in DeMoya. Further, Zapata does not mandate a second-step finding; it plainly states that "the Court may proceed, in its discretion, to the [second] step." Zapata, 430 A.2d at 789 (emphasis added). Therefore, even under Zapata, the decision whether to apply the second step is a discretionary one, applicable only in rare circumstances. Circumstances where the second step analysis would be more appropriate are those times when the court is concerned about the independence, neutrality, or good faith of the independent investigator or investigative committee. In this case, however, the investigation was conducted by a retired judge, accepted by both sides, and with no ties to either litigant. Further, here, assuming without deciding that section 607.07401(3), Florida Statutes, required the second-step analysis, the trial court recognized the reasonableness of the independent investigator's final recommendation.
As to all other issues raised, we also find no reversible error or abuse of discretion.
GROSS and HAZOURI, JJ., concur.
NOTES
[1] Section 607.07401(3) provides:

The court may dismiss a derivative proceeding if, on motion by the corporation, the court finds that [the independent investigative committee] has made a determination in good faith after conducting a reasonable investigation ... that the maintenance of the derivative suit is not in the best interests of the corporation.