DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TARA EZER,** on a derivative basis as a member of
**HOLLYWOOD STATION CONDOMINIUM ASSOCIATION, INC.,**
a Florida not-for-profit corporation,
Appellant,

v.

**JACQUELINE HOLDACK, DAN TUBRIDY, VICTOR ROCHA,
PATRICIA GUTIERREZ, MARIA PAULA DIAZ, FRANK COLON,** and
**HOLLYWOOD STATION CONDOMINIUM ASSOCIATION,**
a Florida not-for-profit corporation,
Appellees.

No. 4D21-3528

[March 1, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jack B. Tuter, Judge; L.T. Case No. CACE20-16861(07).

Gregory R. Elder and Beverly D. Eisenstadt of the Law Offices of Gregory R. Elder, PLLC, Boca Raton, for appellant.

Therese A. Savona of Cole, Scott & Kissane, P.A., Orlando, for appellees.

WARNER, J.

Appellant Tara Ezer appeals the final dismissal with prejudice of her derivative lawsuit against Hollywood Station Condominium Association (the "Association"), and six of the board of directors. Appellant claimed that the directors had violated the Association by-laws by taking out unapproved loans to fund the Association's improvements. The court dismissed the action pursuant to section 617.07401(3)(b), Florida Statutes (2020), because an independent investigation determined that pursuit of the derivative claim was not in the Association's best interests. While appellant challenges the independence of the committee appointed to investigate, the trial court concluded that the committee was appropriately appointed, independent, and conducted a good faith investigation. We agree and affirm.

Appellant's derivative claims accuse the director defendants of violating three of the Association's bylaws. She alleged that, at the director defendants' direction, the Association made material alterations to the common elements; took out an unapproved loan to fund the improvements and alterations; executed an unapproved contract to make the improvements and alterations; and, misrepresented how the Association would pay for the project. Appellant requested equitable relief by way of a declaratory judgment, an injunction, and appointment of a receiver. On the association's behalf, she also sought damages from defendant directors for breach of fiduciary duties, civil conspiracy and aiding and abetting fraud.

In September 2020, appellant served the association board of directors with a written letter summarizing her claims and demanding that the board, on the Association's behalf, sue the directors. Although section 617.07401(2) provides that a member must give a board of directors ninety days' notice prior to the filing of a derivative claim, appellant filed her first complaint in October. She claimed the Association would suffer irreparable damage without action within ninety days. *See* § 617.07401(2), Fla. Stat. (2020) (stating that an association member may not bring a derivative complaint unless a demand made to obtain action by the board was refused or ignored for ninety days, "unless irreparable injury to the corporation would result by waiting for the expiration of the 90-day period").

In accordance with section 617.07401(3), the Association commenced an investigation into the allegations of the complaint. That section provides:

> (3) The court may dismiss a derivative proceeding if, on motion by the corporation, the court finds that one of the groups specified in paragraphs (a)-(c) has made a good faith determination after conducting a reasonable investigation upon which its conclusions are based that the maintenance of the derivative suit is not in the best interests of the corporation. The corporation has the burden of proving the independence and good faith of the group making the determination and the reasonableness of the investigation. The determination shall be made by:
>
> . . . .
>
> (b) A majority vote of a committee consisting of two or more independent directors appointed by a majority vote of

2

independent directors present at a meeting of the board of directors, whether or not such independent directors constitute a quorum[.]

§ 617.07401(3)(b).

In December, the majority of Association's board members who were not named defendants in the complaint voted to appoint two directors, also not defendants, to the committee pursuant to section 617.07401(3)(b). Both committee members filed sworn declarations with the trial court as to their noninvolvement in any of the conduct described in the complaint.

The investigation continued, and the committee issued a report which was circulated to all Association members together with a notice of a special meeting to be held telephonically. The notice informed the Association members that the meeting's purpose was to vote on whether maintaining appellant's derivative lawsuit was in the Association's best interest. At that meeting, the members overwhelmingly approved the report which concluded that continuing the derivative lawsuit was not in the Association's best interest.

In the meantime, appellant sought to amend her complaint to add the two directors appointed to the investigation committee. In the proposed amendment, she alleged that they were on the board when some of the loan draws which she contested were made. The trial court granted appellant's motion to amend her complaint, but provided that service on the two directors would be abated pending resolution of any challenges to the newly amended complaint.

The Association filed a motion to dismiss the derivative action, arguing that the committee was independent and that its report was reasonably investigated and done in good faith. The Association also argued that dismissal was warranted due to an overwhelming majority vote to abandon appellant's lawsuit. Appellant filed a response in opposition, contending that the committee was not independent, and its report was neither reasonable nor made in good faith.

The trial court dismissed the derivative action with prejudice. The court determined it was not required to evaluate whether the committee's recommendation was reasonable, but instead whether the committee was independent, acted in good faith, and conducted a reasonable investigation.

The court found the committee was appropriately appointed pursuant to section 617.07401(3)(b). The committee was at all times independent. The committee members were not defendants and had not been served as defendants until after appellant amended her complaint. The court further found that the committee's investigation was reasonable, and that the report's in-depth event timeline was specific and narrowly tailored to appellant's allegations, demonstrating that the committee had carefully reviewed the relevant documents. The court also noted that the majority of the association members voted in line with the committee report's recommendation that continuation of the derivative lawsuit was not in the Association's best interest. Based upon all of the circumstances, the court found the decision to abandon appellant's derivative action was made in good faith. Appellant then filed this appeal.

A mixed standard of review applies to the court's determination to dismiss a derivative lawsuit against a corporation. "'[M]ixed questions of law and fact . . . require us to employ a mixed standard of review: we defer to the trial court's factual findings (to the extent they are supported by competent, substantial evidence), but we review the trial court's legal conclusions de novo.'" *Batur v. Signature Props. of N.W. Fla., Inc.*, 903 So. 2d 985, 995 (Fla. 1st DCA 2005) (alteration in original) (quoting *Dillbeck v. State*, 882 So. 2d 969, 972–73 (Fla. 2004)).

A trial court "may dismiss a derivative proceeding" if the court finds "[a] majority vote of a committee consisting of two or more independent directors appointed by a majority vote of independent directors present at a meeting of the board of directors" have "made a good faith determination after conducting a reasonable investigation upon which its conclusions are based" that to maintain the derivative suit is not in the corporation's best interests. § 617.07401(3)(b), Fla. Stat. (2020).

The corporation has the burden of proving the committee is independent, acted in good faith, and has a reasonable and objective basis for its report. § 617.07401(3), Fla. Stat. (2020); *see also De Moya v. Fernandez*, 559 So. 2d 644, 645 (Fla. 4th DCA 1990) ("[A] trial court must make a determination that the committee recommending dismissal is independent, acting in good faith and has a reasonable and objective basis for its report.") (citing *Zapata Corp. v. Maldonado*, 430 A.2d 779 (Del. 1981)). However, section 617.07401 does not define what makes a director "independent," and neither does the general chapter's "definitions" statute.

Where Florida law has not spoken as to a corporate term or statute, courts often look to Delaware law. *See Williams v. Stanford*, 977 So. 2d 722, 727 (Fla. 1st DCA 2008) ("To date, no Florida court has had occasion

to interpret the governing provisions of section 607.1302 in its 2003 form. As is often true, however, Delaware case law provides guidance to our construction of the statute[.]"); *Int'l Ins. Co. v. Johns*, 874 F.2d 1447, 1459 n.22 (11th Cir. 1989) ("We rely with confidence upon Delaware law to construe Florida corporate law. The Florida courts have relied upon Delaware corporate law to establish their own corporate doctrines[.]"); *Boettcher v. IMC Mortg. Co.*, 871 So. 2d 1047, 1052 n.5 (Fla. 2d DCA 2004) (observing that Florida courts routinely consult Delaware case law when construing Florida statutory law governing corporations).

In determining the independence of an investigative committee which recommended dismissal of a shareholder derivative suit, the Delaware supreme court has stated:

> [Director's] presence on the Board does not establish a lack of independence on the part of the Committee. The mere fact that a director was on the Board at the time of the acts alleged in the complaint does not make that director interested or dependent so as to infringe on his ability to exercise his independent business judgment of whether to proceed with the litigation. *Even a director's approval of the transaction in question does not establish a lack of independence.*

*Kaplan v. Wyatt*, 499 A.2d 1184, 1189 (Del. 1985) (emphasis added) (citations omitted).

Applying *Kaplan*, the trial court's determination that the committee was composed of independent board members is supported by competent substantial evidence. The two members were not on the board when the transactions in question in the original complaint were approved. They also filed affidavits to attest to their lack of involvement in the transactions and their independence. Moreover, appellant's amended complaint only alleges their limited involvement. One of the two members signed off on the unapproved contract as the board's treasurer, and both members were on the board when it approved material alterations to the common elements and some draws from the improper line of credit. Therefore, the two members' involvement was at most approval, and as in *Kaplan*, even a director's approval of a transaction may not necessarily show a lack of independence. *Id.* Through their affidavits, the committee members showed that they had been appointed to the board after the majority of the events upon which the complaint was based. Nothing in the record showed any relationship between the committee members and the named defendants to suggest control over the committee members. Nor did the court find that appellant's attempt to amend her complaint to add them

5

as defendants impacted their independence.  The trial court did not err in concluding that the investigative committee was independent.

Appellant also claims the court erred in determining that the investigation was reasonable and made in good faith.  She maintains that the court was required to address the accuracy of the report's substantive findings.  We disagree that the court must independently assess the validity of the report's conclusions.

Section 617.07401(3) permits the court to dismiss a derivative lawsuit when the investigative committee "has made a good faith determination after conducting a reasonable investigation upon which its conclusions are based that the maintenance of the derivative suit is not in the best interests of the corporation."  Section 617.07401(3)(b)'s plain language does not require courts to question a special committee's recommendation as long as the court found the committee was independent and conducted its investigation reasonably and in good faith.  *Atkins v. Topp Comm, Inc.*, 874 So. 2d 626, 627 (Fla. 4th DCA 2004)[1] ("We conclude that trial courts in this state are not required to evaluate the reasonableness of an independent investigator's final recommendation[.]"); *see also Cornfeld v. Plaza of the Ams. Club, Inc.*, 273 So. 3d 1096, 1099–1100 (Fla. 3d DCA 2019) ("[T]he independent investigator in this case . . . examined the merits of the proposed claims and concluded that the derivative suit was not in the corporation's best interest. . . .  The trial court did not abuse its discretion by adopting [the investigator's] factual findings and legal conclusions, and finding that the report was reasonable and conducted in good faith[.]").  The court is not required to apply its own business judgment to assess the merits of the committee's conclusions.

The trial court thoroughly evaluated how the investigative committee conducted its review of the allegations and the steps it took to ascertain whether the derivative suit was in the Association's best interest.  The court found that the investigation was thorough and conducted in good faith.  The court complied with the statutory directive.

For the foregoing reasons, we affirm the dismissal of the derivative suit pursuant to section 617.07401(3), Florida Statutes.

*Affirmed.*

---

[1] *Atkins* concerned section 607.07401(3)(b), Florida Statutes (2004), but section 617.07401(3)(b), Florida Statutes, contains identical language except that the statute applies to "members" of a non-profit corporation instead of "shareholders" of a business corporation.

CIKLIN and FORST, JJ., concur.

*  *  *

***Not final until disposition of timely filed motion for rehearing.***