A92A1971. MILLSAP v. AMERICAN FAMILY CORPORATION et al.
(430 SE2d 385)

BEASLEY, Judge.

Millsap instituted a shareholder's derivative action against the directors and officers of American Family Corporation. This appeal is from an order of the trial court granting defendants' motion to dismiss and entering judgment of dismissal.

The complaint alleged that defendants breached their fiduciary duties by committing four specified acts of mismanagement of corporate assets for the benefit of the company's chairman and chief executive officer, John B. Amos. The board of directors adopted a resolution appointing a "special litigation committee" (the committee) comprised of outside directors to investigate plaintiff's claims and to

recommend whether the company should undertake litigation against Amos. The resolution clothed the committee with full authority to act as the board of directors and provided for the appointment of special counsel to render advice.

Upon completion of its investigation, the committee reported that the board and Amos had acted in good faith with respect to the allegations. It determined as a matter of business judgment that the specified transactions had furthered the interests of the company. It concluded no action should be brought by the company against any officer or director by reason of the complaint, except that collection of $64,000 should be pursued against Amos as additional interest owed by virtue of late payment of a promissory note he had executed in favor of the company. After Amos paid the $64,000, the committee directed the company to move for dismissal of the lawsuit and to release all defendants in the action from liability for all claims relating to the litigation.

1. Appellant contends that the trial court erred in dismissing the action based on the retroactive application of OCGA § 14-2-744.

The trial court's order specifies: "[U]nder Georgia law both before and after the adoption of the new Business Corporation Code effective July 1, 1989, special litigation committees are authorized."

The present complaint was filed on December 1, 1988. The new Georgia Business Corporation Code, OCGA § 14-2-101 et seq., became effective on July 1, 1989. (Ga. L. 1988, p. 1070, § 1.) OCGA § 14-2-744 (a) of the new Code specifically vests the trial court with discretion to dismiss a derivative proceeding if a committee of independent directors (see OCGA § 14-2-744 (b)) "determin[es] in good faith after conducting a reasonable investigation upon which its conclusions are based that the maintenance of the derivative suit is not in the best interests of the corporation." There was no counterpart to this provision in the former Business Corporation Code (Ga. L. 1968, p. 565, § 1).

OCGA § 14-2-147 of the former Corporation Code established the statutory authority for the formation of the committee. Under that Code section, if the articles of incorporation or bylaws so provide, the board of directors by resolution may designate an executive or other committee from among its members to exercise the authority of the board to the extent provided in such resolution. Although certain functions of the board were nondelegable, OCGA § 14-2-147 (a) (1) to (4), the scope of the committee's authority otherwise was determined by reference to the resolution establishing it. Comment to OCGA § 14-2-147. Creation of a committee to review and make recommendations with respect to pending litigation was not a prohibited function.

Appellant acknowledges that prior to the effective date of the

1989 Code, Georgia followed the majority of states in applying the test of *Zapata Corp. v. Maldonado*, 430 A2d 779 (Del. 1981), to determine the propriety of dismissing a shareholder derivative action based upon the recommendation of a special litigation committee. *Zapata* was decided under a Delaware provision (8 Del. C. § 141 (c)) which was essentially identical to former OCGA § 14-2-147. (Indeed, the Code Revision Committee comment to OCGA § 14-2-744 recognizes that the new Code provision is predicated in large measure on *Zapata*.) The Delaware court concluded that a board committee authorized under § 141 (c) (analogous to our former OCGA § 14-2-147) is empowered to make decisions regarding corporate litigation. Under *Zapata*, the burden is on the corporation to show that an independent litigation committee conducted a good faith investigation of the claims and established a reasonable basis for its conclusions. Id. at 788.

The trial court correctly determined that the special litigation committee had properly delegated authority under Georgia law to act for the board.

2. Appellant contends that the trial court erred in dismissing the complaint based on the recommendation of a special litigation committee which was not independent.

Appellant relies on Delaware authority to articulate the standard of director independence: "[A] director is independent when he is in a position to base his decision on the merits of the issue rather than being governed by extraneous considerations or influences." *Kaplan v. Wyatt*, 499 A2d 1184, 1189 (Del. 1985). See also *Aronson v. Lewis*, 473 A2d 805, 815 (17) (Del. 1984). Our new Corporation Code is instructive in establishing criteria for independence. Under OCGA § 14-2-744 (c), a director is *not* disqualified as lacking independence if (1) nominated or elected by directors who are not independent; (2) the director is named as a defendant in the derivative proceeding; or (3) if the director approved the action being challenged in the derivative proceeding so long as the director did not receive a personal benefit as a result of the action.

Appellee met its burden of showing its committee members were independent. Each count of the complaint alleged a benefit accruing to Amos personally. Although appellant has shown that the committee members may have initially approved the challenged action, there was no showing that they likely would or actually did benefit from it personally or that they were incapable of exercising independent business judgments free from personal interests. The evidence supports the trial court's ruling that the committee members "are both disinterested and independent in respect of their work on the committee."

3. Appellant contends that the dismissal was not authorized because the committee did not conduct a good faith investigation or

have a reasonable basis for its conclusions.

Appellant cites to certain inconsistencies in the committee's report and the deposition testimony of the members with respect to the investigative procedure, and further complains that the committee interviewed only eight of the twenty-two named defendants. Similar assertions were made in *Kaplan v. Wyatt*, supra at (6). Applying an abuse of discretion analysis, the reviewing court upheld the dismissal of a shareholder derivative action where the committee examined all the allegations in the complaint and submitted a detailed report which supports the conclusion that proceeding with the litigation would not be in the best interests of the corporation. Id. at 1191 (7). Likewise, in the present case, the committee reached its conclusions based on detailed, documented investigation. " 'No principle of law is more firmly fixed in our jurisprudence than the one which declares that the courts will not interfere in matters involving merely the judgment of a majority in exercising control over corporate affairs.' [Cit.]" *Tallant v. Executive Equities*, 232 Ga. 807, 810 (209 SE2d 159) (1974).

The trial court in the present case properly exercised its discretion in dismissing the present proceeding based on the recommendation of the committee. See *Peller v. Southern Co.*, 911 F2d 1532 (11th Cir. 1990), which applied an abuse of discretion standard in reviewing the district court's denial of a motion to dismiss a shareholder derivative action under F.R.C.P. 23.1. See also Meg Shevach, Comment, Deciding Who Should Decide to Dismiss Derivative Suits, 39 Emory L. J. 937 (1990); Annotation, 22 ALR4th 1206, "Propriety of Termination of Properly Initiated Derivative Action by 'Independent Committee' Appointed by Board of Directors Whose Actions (or Inaction) are Under Attack."

4. Appellant contends the trial court erred in granting the motion to dismiss based upon its own independent business judgment. (Although this second tier analysis is discretionary under Delaware law, see *Zapata* and *Kaplan*, the Comments of the Georgia Code Revision Committee indicate that OCGA § 14-2-744 of the 1989 Corporation Code does not so provide.)

The trial court's order specified: "The Court does not deem it necessary to exercise its own independent business judgment with respect to the matters that the plaintiff has sought to raise in this action . . . ," but nevertheless expressed agreement with the committee that the matter should be dismissed. Contrary to appellant's assertions, the court was not laboring under the mistaken belief that its business judgment is dispositive. It is superfluous.

5. Finally, appellant contends that because the trial court considered matters outside the pleadings in granting the motion to dismiss, the motion must be considered as one for summary judgment and the

standard of review should be that set forth in OCGA § 9-11-56. See generally *Thrift v. Maxwell*, 162 Ga. App. 237 (1) (290 SE2d 301) (1982); *Blasingame v. Blasingame*, 249 Ga. 791 (294 SE2d 519) (1982).

The motion to dismiss was brought pursuant to OCGA § 9-11-12 (b) (6), asserting that under the business judgment rule and the decision of the committee, appellant's complaints have been resolved and she therefore lacks standing to proceed against the corporation. The Delaware court in *Zapata* recognized that the motion to dismiss under these circumstances "is perhaps best considered as a hybrid summary judgment motion for dismissal because the stockholder plaintiff's standing to maintain the suit has been lost. But it does not fit neatly into a category described in Rule 12(b) . . . nor does it correspond directly with Rule 56 since the question of genuine issues of fact on the merits of the stockholder's claim are not reached." *Zapata*, supra at 787 (8). With respect to pre-1989 Georgia Corporation Code law, we adopt in part the conclusion reached in *Zapata*: "If the Court determines either that the committee is not independent or has not shown reasonable bases for its conclusions, or, if the Court is not satisfied for other reasons relating to the process, including but not limited to the good faith of the committee, the Court shall deny the corporation's motion. If, however, the Court is satisfied under Rule 56 standards that the committee was independent and showed reasonable bases for good faith findings and recommendations . . . ," id. at 789 (10), the motion will be granted.

*Judgment affirmed. Andrews, J., concurs. Birdsong, P. J., concurs specially.*

BIRDSONG, Presiding Judge, concurring specially.

I reluctantly concur. I would point out that the special litigation committee was composed of: Elmer Loftin, a director since 1956; Harry C. Schwob, a director since 1965; Kenneth S. Janke, Sr., a director since 1989; Cesar E. Garcia, a director since 1987. All directors were compensated for service on the board of directors. All profited by being members of the board of directors.

To appoint (as apparently they could under Georgia law) a special litigation committee from the board of directors is like making the fox responsible for guarding a hen house.

This quirk in the law (appointing directors to a committee to investigate) from sitting directors should be changed; however, this is for the legislature.

DECIDED MARCH 12, 1993 —
RECONSIDERATION DENIED MARCH 30, 1993

*Willis, McKenzie & Long, C. Jerry Willis,* for appellant.

*Rogers & Hardin, C. B. Rogers, Bowles & Bowles, Jesse G. Bowles III, Hatcher, Stubbs, Land & Rothschild, Albert W. Stubbs, Joseph L. Waldrep, Lewis, Taylor & Lee, James R. Lewis, Denney, Pease, Allison, Kirk & Lomax, John W. Denney,* for appellees.