Carl F. BONNER, John C. Lessley, J. Richard Cottingham, Barney Hale, Jerry Hyman, Steven Kimmett, Robert H. Neel, Thomas M. Schipporeit, Michael W. Schrum, Earl H. Scott, Thomas A. Tye, and Brian C. Warsham, Plaintiffs,

v.

LAW COMPANIES GROUP, INC., Bruce C. Coles, John Y. Williams, Clifford M. Kirtland, Andrew J. Young, Walter T. Kiser, James I. Dangar, Clarence D. Zimmerman, Frank B. Lockridge, Robert B. Fooshee, Peter D. Brettell, Geoffrey J. Brice, Frederick J. Krishon, Steven Muller, and Clay E. Sams, Defendants.

Civil Action No. 1:97–CV–1281–WBH.

United States District Court,
N.D. Georgia,
Atlanta Division.

May 6, 1997.

Jane E. Fahey, Michael B. Terry, James Scott McClain, Bondurant, Mixson & Elmore, Atlanta, GA, for plaintiffs.

Frank T. Davis, Jr., Bruce P. Brown, Lawrence A. Slovensky, Ann–Marie McGaughey, Long, Aldridge & Norman, Atlanta, GA, for defendants.

## ORDER

HUNT, District Judge.

Plaintiffs, minority shareholders of defendant Law Companies Group, Inc. ("Law"), bring this derivative action for declaratory and injunctive relief, alleging violations of the Securities Exchange Act of 1934 and breaches of fiduciary duties by the directors of Law. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1367(a). Before the Court is plaintiffs' motion for a temporary restraining order. A hearing on this motion was held on May 5, 1997.

## I. BACKGROUND

This action arises out of a proposed Securities Purchase Agreement between Law and James and Virgil Williams ("Williams transaction"). Under the terms of the agreement, the Williams brothers will purchase preferred shares of Law and warrants to purchase common shares of Law equivalent to a one-third interest in the corporation, plus options to purchase additional shares of common stock, as well as other significant corporate governance rights, for $10 million. Law's Board of Directors ("Board") has approved the Williams transaction and now seeks shareholder approval of the deal. A shareholders' meeting is scheduled for Tuesday, May 6, 1997 at 4:00 p.m. to consider the Williams transaction,

Plaintiffs seek a temporary restraining order enjoining consideration of the Williams transaction at the upcoming shareholders meeting, They contend that the proxy materials sent to the shareholders regarding the Williams transaction contain material misrepresentations concerning the terms of the proposed deal, as well as material omissions concerning the terms of a competing bid to purchase Law made by PSI Holdings, Inc. ("PSI"). Plaintiffs allege that these misrepresentations violate section 14(a) of the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder. They further allege that the members of the Board breached their fiduciary duties by failing to fully inform the shareholders about the bid from PSI.

## II. DISCUSSION

Because of the extraordinary nature of the relief afforded by a temporary restraining order, the burden placed upon plaintiffs seeking such relief is quite onerous. The plaintiffs must establish: 1) a substantial likelihood of success on the merits of their claims; 2) a substantial threat that they will suffer irreparable harm if the injunction is not granted; 3) that their threatened injury outweighs the harm the injunction may cause defendant; and 4) that granting the injunc-

tion will not disserve the public interest. *Nnadi v. Richter,* 976 F.2d 682, 690 (11th Cir.1992). After considering the evidence before it and the argument of counsel, the Court concludes that plaintiffs have failed to demonstrate a sufficient likelihood of success on the merits of their claims to warrant the extraordinary relief they seek.

■ As the Court noted at the conclusion of the hearing on this matter, plaintiff has failed to establish that any of the defendants breached their fiduciary duties to the corporation. It is a firmly established principle of Georgia law that "courts will not interfere in matters involving merely the judgment of a majority in exercising control over corporate affairs." *Millsap v. Am. Family Corp.,* 208 Ga.App. 230, 233, 430 S.E.2d 385 (1993) (citing *Tallant v. Executive Equities,* 232 Ga. 807, 810, 209 S.E.2d 159. 232 Ga. 807, 209 S.E.2d 159 (1974)). *See also, Munford, Inc. v. Valuation Research Corp.,* 98 F.3d 604, 611 ("In determining whether directors and officers have satisfied their statutory duty, Georgia courts apply the business judgment rule."). This rule protects directors from liability when they make good faith business decisions in an informed and deliberate manner. *Munford,* 98 F.3d at 611.

The limited record in this case is replete with evidence that the Board carefully considered the Williams transaction before approving it. The Board's approval was premised on the approval of a Special Committee of the Board of Directors and an Ad Hoc Committee of the Board of Directors, each of which acted with the benefit of independent counsel, as well as an opinion letter from the investment banking firm Alex, Brown stating that the Williams transaction was fair to the corporation. In light of this careful consideration, the Court will not second-guess the Board's decision.

The record also reflects that the Board gave due consideration to the offers from PSI, but ultimately concluded that these proposals were not in the best interest of the corporation. This determination notwithstanding, the Board made information concerning the PSI proposals available to the shareholders as the information became available to the Board. Accordingly, the Court finds that plaintiffs have failed to establish a likelihood of success on the merits of their claims of breach of fiduciary duty.

■ With respect to plaintiffs claims wider section 14(a), the Court reaches the same conclusion, Section 14(a) and the rules and regulations promulgated thereunder prohibit the inclusion of false or misleading material, including omissions which render the material false or misleading, in proxy statements or other communications soliciting proxies. 15 U.S.C. § 78n(a); 17 C.F.R. § 240.14a–9(a). Plaintiffs first contend that defendants' failure to mention PSI in the proxy materials dated April 10, 1997 constitutes a violation of section 14(a). This argument is without merit, however, as PSI's first proposal was not submitted to the Board until April 22, 1997.

■ Plaintiffs' remaining contention is that the proxy materials do not disclose adequately the terms of the Williams transaction. The Court has carefully reviewed the proxy materials, however, and concludes that the terms of the transaction are meticulously spelled out therein. Furthermore, a copy of the Securities Purchase Agreement is attached to the materials, and the materials note in bold print that "[a]ll shareholders are urged to read the Securities Purchase Agreement in its entirety." Proxy Statement at 7. Although plaintiffs object to the statement that the Williams transaction does not "effect[ ] a change of control" of the corporation, plaintiffs have failed to satisfy their burden of demonstrating that the corporate governance rights granted to the Williams brothers pursuant to Securities Purchase Agreement render the proposed transaction a "change of control" under Georgia law.

## III. CONCLUSION

In light of the Court's finding that plaintiffs have not demonstrated the requisite likelihood of success on the merits of their claims to warrant the issuance of a temporary restraining order, the Court need not address the three remaining prerequisites. For the aforementioned reasons, plaintiffs'

motion for a temporary restraining order is DENIED.