## A09A0068. GOLDSTEIN et al. v. WELLS et al.

(673 SE2d 325)

ANDREWS, Presiding Judge.

The single issue on this appeal is whether the trial court erred when it dismissed a shareholder derivative action arising from the Wells Real Estate Investment Trust's decision to internalize certain management and advisory functions of its real estate business, a decision later approved by over 90 percent of the Trust's shareholders. Plaintiffs argue that the trial court should not have dismissed the derivative action because (1) three of the five committee members who reviewed and rejected the plaintiffs' pre-suit demand had also served on the four-member committee approving the internalization and (2) the law firm that advised the demand committee had also advised the Trust concerning the internalization. To the plaintiffs, these facts show that the committee rejecting their demand did so under a "disabling" conflict of interest.

We review a trial court's dismissal of a shareholder's derivative action only for an abuse of discretion. *Thompson v. Scientific Atlanta*, 275 Ga. App. 680, 682-683 (621 SE2d 796) (2005).

Maryland law presumes that directors act independently and in the best interest of the corporation. *Werbowsky v. Collomb*, 766 A2d 123, 144 (Md. 2001). This presumption cannot be overcome without a showing that the director is "so personally and directly conflicted or committed to the decision in dispute that [he] cannot reasonably be expected to respond to a demand in good faith." Id.; see also *Bender v. Schwartz*, 917 A2d 142, 152 (Md. Ct. Special Appeals 2007), citing *Levine v. Smith*, 591 A2d 194, 212 (Del. 1991).

Here, the board members on the demand committee were not employees of the Trust and did not receive any benefits as a result of the internalization. As such, they are not personally and directly conflicted with regard to that transaction. See *Scalisi v. Grills*, 501 FSupp.2d 356, 362 (E.D. N.Y. 2007) (under Maryland law, an allegation that a majority of directors were involved in the challenged transaction was insufficient to show the board's lack of independence); *Orman v. Cullman*, 794 A2d 5, 25 (Del. Ch. 2002) (directors who did not receive any benefit from challenged transaction were not suffering from disabling conflict of interest); *Werbowsky*, 766 A2d at 143 (mere allegation that directors approved or participated in challenged transaction is insufficient to show board's lack of independence); accord *Millsap v. American Family Corp.*, 208 Ga. App. 230, 232 (430 SE2d 385) (1993) (a director is not disqualified from voting on a demand concerning a transaction which he approved "so long as the director did not receive a personal benefit" from the transaction).

Likewise, the fact that the same law firm advised the directors

sitting on both the internalization committee and the demand committee does not by itself taint those directors' decisions to deny the demand. The firm in question has never represented any party having an interest in or obtaining a direct benefit from that transaction, and the Trust retained its own counsel in the matter. See *Halpert Enterprises v. Harrison*, ___ F3d ___ (3) (2008 U. S. App. LEXIS 22557) (2d Cir. 2008) (affirming dismissal of derivative action where plaintiffs failed to adduce specific facts showing that dual representation actually resulted in a conflict of interest concerning a demand); compare *Stepak v. Addison*, 20 F3d 398, 410-411 (11th Cir. 1994) (reversing dismissal of derivative action where counsel reviewing demand also represented corporate insiders).

Because the plaintiffs have not shown that the directors acting on their demand suffered from an actual conflict of interest concerning it, we affirm the trial court's dismissal of the plaintiffs' action.

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 9, 2009.

*Holzer, Holzer & Fistel, Michael I. Fistel, Jr.*, for appellants.

*Rogers & Hardin, Tony G. Powers, Kimberly L. Myers, King & Spalding, Michael R. Smith, Dan S. McDevitt, Michael J. Cates, Troutman Sanders, James T. Mast, James K. Quillian, Jaime L. Theriot*, for appellees.