**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 2, 2013**

# In the Court of Appeals of Georgia

A13A1157. BENFIELD v. WELLS, III et al.

MILLER, Judge.

Sharon Benfield, a shareholder in SunTrust Banks Inc., appeals from the trial court's dismissal, pursuant to OCGA § § 14-2-744 (a), of her shareholders' derivative suit alleging breaches of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets by current and former members of SunTrust's Board of Directors ("the Board") and executive officers.[1] Benfield contends that the trial court erred in failing to find that material questions of fact remain regarding the independence of the Demand Review Committee ("DRC") that was authorized to investigate Benfield's claims and to determine whether it was in

---

[1] Defendants also moved to dismiss for failure to state a claim and on the ground that some of Benfield's claims were barred by the four-year statute of limitation set forth in OCGA § § 14-2-831 (b).

SunTrust's best interest to maintain an action on its behalf. For the reasons that follow, we affirm.

A motion to dismiss a shareholder's derivative action pursuant to OCGA § § 14-2-744 (a) is essentially a hybrid summary judgment motion for dismissal. See *Thompson v. Scientific Atlanta, Inc.*, 275 Ga. App. 680, 683 (621 SE2d 796) (2005); *Millsap v. American Family Corp.*, 208 Ga. App. 230, 233-234 (5) (430 SE2d 385). (1993). Accordingly, we may look beyond the pleadings to the evidence in the record to resolve the appeal. We review a trial court's order dismissing a shareholder's derivative action, however, only for an abuse of discretion. See *Stephens v. McGarrity*, 290 Ga. App. 755, 761 (2) (a) (660 SE2d 770) (2008); *Goldstein v. Wells*, 295 Ga. App. 870 (673 SE2d 325) (2009).

So viewed, the record shows that in February 2011, Benfield, a SunTrust common stockholder, sent SunTrust a shareholder demand letter pursuant to OCGA § § 14-2-742, requesting that the Board "take action to remedy breaches of fiduciary duty, abuse of control, gross mismanagement and unjust enrichment by current and former officers and directors from late 2004 to the present." SunTrust responded to Benfield's demand requesting clarification of her position and contending that the

2

underlying issues in her demand letter were the subject of a detailed and lengthy independent investigation by DRC in 2008.[2]

Rather than responding to SunTrust's request for clarification, Benfield filed this action in September 2011. In October 2011, the Board authorized the 2008 DRC to investigate, review and analyze the facts and circumstances surrounding Benfield's claims and to determine whether it was in SunTrust's best interest to maintain an action on its behalf.

The 2008 DRC subsequently concluded that the allegations in Benfield's complaint while similar to those previously reviewed, were sufficiently different, especially in terms of the seven-year time period covered by the complaint. The 2008 DRC reported to the Board at a February 2012 meeting that reconstituting the DRC with new members who had not served on the Board during most of the time-period covered in Benfield's complaint and were not named as defendants therein would best

---

[2] The 2008 DRC consisted of three independent directors—Alston D. Correll, David H. Hughes and G. Gilmer Minor III. The DRC was established to investigate, review and analyze allegations made by other shareholders. The 2008 DRC concluded that no evidence substantiated the allegations and submitted a written report in August 2008. See *Mannato v. SunTrust Banks, Inc.*, 308 Ga. App. 691 (708 SE2d 611) (2011).

ensure that there would not be any appearance that the DRC was not appropriately independent.

Accordingly, on February 14, 2012, the independent Board members appointed SunTrust directors Kyle P. Legg, William A. Linnenbringer and David M. Ratcliffe as the new DRC members (hereinafter collectively the "2012 DRC"). The 2012 DRC members had joined the SunTrust Board in 2010 or 2011, and none of the members had previously served as an officer or employee of SunTrust or any of its affiliates. The independent Board members designated the 2012 DRC to investigate the allegations in Benfield's complaint.

The DRC,[3] with the assistance of its counsel,[4] investigated the allegations in Benfield's complaint. The DRC's counsel reviewed SunTrust's SEC filings, documents submitted to bank regulators, and the minutes from the Board, and its Risk, Audit and Compensation Committees from 2004 through 2011. The DRC and its counsel also interviewed current and former SunTrust officers and directors, and

---

[3] The DRC's review was conducted by both its 2008 members and those appointed in 2012.

[4] The DRC's counsel included its contracted counsel and other lawyers employed for their expertise in bank regulatory law, federal securities law and internal corporate investigations, including state and federal prosecutors.

other individuals with knowledge relevant to the investigation. The DRC reviewed the 2008 report, but conducted its own investigation and did not rely upon that report.

The 2012 DRC issued a detailed and documented 178-page report,[5] which described the review process conducted by the independent members of the Board and its counsel, including an investigation of Ratcliffe, Linnenbringer and Legg's backgrounds and qualifications to ensure that they were independent. The Board's counsel considered applicable Georgia statutory and caselaw requirements, had each 2012 DRC member complete a prepared questionnaire concerning factors that might impair their independence, and determined that there were no factors suggesting that the 2012 DRC members were not independent within the meaning of that term under applicable law. Additionally, all three 2012 DRC members submitted affidavits in this case confirming their independence.

The 2012 DRC's report concluded that: the defendants named in the complaint acted in good faith and in accordance with the duties of due care and loyalty to which they are subject; there was no credible evidence of any breach of fiduciary duty, corporate waste, mismanagement, or other violations of the law alleged in the

---

[5] Although both the 2008 DRC and the 2012 DRC reviewed and investigated the allegations in Benfield's complaint, the DRC's report was prepared and issued by the three members of the 2012 DRC, Ratcliffe, Linnenbringer and Legg.

5

complaint; the defendants acted in accordance with the applicable business judgment rule standards; and no corrective measures were required. The 2012 DRC further concluded that maintaining the suit was not in the best interests of SunTrust and its shareholders because the claims raised would ultimately prove unfounded. Accordingly, the 2012 DRC instructed SunTrust to seek dismissal of Benfield's suit.

In response to SunTrust's motion to dismiss, Benfield claimed that the 2012 DRC lacked independence due to Ratcliff's connections with certain defendants.[6] Following a hearing, the trial court dismissed Benfield's complaint, finding that Ratcliffe's connections with the defendants were insufficient to create a material issue of fact regarding his independence, and the defendants carried their initial burden pursuant to OCGA § § 14-2-744 of showing the independence and good faith of the 2012 DRC and the reasonableness of their investigation.

In her sole enumeration of error, Benfield contends that the trial court erred in failing to find that material questions of fact exist as to the 2012 DRC's independence under OCGA § § 14-2-744 (a). We disagree.

OCGA § § 14-2-744 provides in pertinent part:

---

[6] Benfield did not challenge Legg or Linnenbringer's independence.

(a) The court may dismiss a derivative proceeding if, on motion by the corporation, the court finds that one of the groups specified in subsection (b) of this Code section has made a determination in good faith after conducting a reasonable investigation upon which its conclusions are based that the maintenance of the derivative suit is not in the best interests of the corporation. The corporation shall have the burden of proving the independence and good faith of the group making the determination and the reasonableness of the investigation.

(b) The determination in subsection (a) of this Code section shall be made by:

. . .

(2) A majority vote of a committee consisting of two or more independent directors appointed by a majority vote of independent directors present at a meeting of the board of directors, whether or not such independent directors constitute a quorum;

. . .

(c) None of the following shall by itself cause a director to be considered not independent for purposes of subsection (b) of this Code section:

(1) The nomination or election of the director by directors who are not independent;

(2) The naming of the director as a defendant in the derivative proceeding; or

(3) The fact that the director approved the action being challenged in the derivative proceeding so long as the director did not receive a personal benefit as a result of the action.

Pursuant to OCGA § § 14-2-744 (a), the defendants had the burden of proving that the 2012 DRC's members were independent. See *Millsap*, supra, 208 Ga. App. at 232 (2).

The decisions that have examined the qualifications of members of special litigation committees [such as the 2012 DRC in this case] have required that they be both "disinterested" in the sense of not having a personal interest in the transaction being challenged as opposed to a benefit which devolves upon the corporation or all shareholders generally, and "independent" in the sense of not being influenced in favor of the defendants by reason of personal or other relationships.[7]

(Citation omitted.) OCGA § 14-2-744, Code Revision Commission Comments.

Here, the defendants satisfied their burden of proving the independence of the three members of the 2012 DRC, Ratcliffe, Linnenbringer and Legg, by supporting

---

[7] Here, Benfield does not contend that the 2012 DRC members had a personal interest in the transaction. She contends only that one member, Ratcliffe was not independent due to his personal relationships.

8

their motion to dismiss with a detailed and documented report, including an investigation of the members' backgrounds and qualifications, and a determination by the Board's counsel that there were no factors suggesting that any of the 2012 DRC members were not independent. The defendants also supported their motion to dismiss with affidavits from all three 2012 DRC members confirming their independence. Although Benfield's motion to dismiss

> does not technically fit into a category of OCGA § § 9-11-12 (b) (6) nor does it reach the actual merits of [her] claims as would be at issue in the usual summary judgment motion pursuant to OCGA § § 9-11-56, it should be apparent that, upon the [defendants'] coming forward with a motion to dismiss, supported by [a documented] and detailed report [and affidavits confirming the 2012 DRC's independence], it was incumbent upon [Benfield] to come forward with evidence to support [her] claim of lack of independence of the [2012 DRC] members.

(Citation and punctuation omitted.) *Thompson*, supra, 275 Ga. App. at 683. This Benfield did not do.

Benfield contends that the 2012 DRC lacked independence due to Ratcliffe's connections with certain defendants. Specifically, Benfield contends that defendant Alston D. Correll approved Ratcliffe's executive compensation at Georgia Power and the Southern Company. Benfield further contends that Ratcliffe served on Georgia

9

Power's Executive Committee with defendant E. Jenner Wood, and Ratcliffe was connected to several other defendants through shared memberships in certain organizations in the Atlanta area. Benfield does not, however, contend that Ratcliffe had a personal interest in a transaction or challenged action. See OCGA §§ 14-2-744, Code Revision Commission Comments.

In dismissing this action, the trial court issued a 15-page order addressing Benfield's contentions regarding Ratcliffe's lack of independence in detail. With regard to Ratcliffe's connection to Correll, the trial court specifically considered Ratcliffe's nearly 40-year career with the Southern Company, and found that Correll's path dovetailed with Ratcliffe's for only a brief portion of the overall timeline. The trial court concluded under the totality of the circumstances that Ratcliffe's business-only connection with Correll was insufficient to render Ratcliffe unable to "base his decision on the merits of the issue rather than being governed by extraneous considerations or influences." The trial court also found that Benfield failed to show how Ratcliffe's connections with the other defendants through various charitable organizations impaired his ability to make an independent decision.

Since Benfield failed to provide evidence to refute the defendants' evidence that the 2012 DRC members were independent, the record supports the trial court's

10

detailed findings that Ratcliffe's limited connections with Correll and the other named defendants did not impair his ability to make an independent decision. Accordingly, Benfield has failed to demonstrate that the trial court abused its discretion in dismissing her suit.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*