Filed 5/3/23  Gorenberg v. Emerson Maintenance Assn. CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALAN GORENBERG,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>EMERSON MAINTENANCE ASSOCIATION,<br><br>Defendant and Respondent. | G061121<br><br>(Super. Ct. No. 30-2021-01185703)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Deborah C. Servino, Judge.  Reversed and remanded.

Lubin Pham + Caplin, Namson N. Pham, JC Chimoures, and Elaine T. Ding for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## INTRODUCTION

Today we reaffirm a bedrock principle of corporate law; "the simple reality that an entity acts through its board and/or agents[.]" (*Ritter & Ritter, Inc. Pension & Profit Plan v. The Churchill Condominium Assn.* (2008) 166 Cal.App.4th 103, 124 (*Ritter*).) This case requires us to apply this rule to the governing association of a common interest development, which was ordered by the trial court to produce certain documents to a homeowner pursuant to a writ of mandate. After an insufficient production, the trial court granted the homeowner's motion to enforce the writ against the association, but refused to compel the individual board members to comply because they were not named defendants in the matter. We reverse this decision and align ourselves with *Ritter* and other similar cases in concluding that individual members of the governing association's board are obligated to secure and ensure the board's compliance with court orders and judgments, and "are properly included within its scope and directions." (*Ibid.*)

## FACTS

Appellant Alan Gorenberg owns a home in the common interest development managed by respondent Emerson Maintenance Association. In early 2021, he requested access to association records as well as its membership list under Civil Code sections 5205 and 5225.[1] Respondent failed to make the records available so appellant filed a petition for peremptory writ of mandate to force respondent's compliance with its statutory obligation.

After serving the petition on respondent, appellant filed a motion for judgment on the peremptory writ pursuant to Civil Code section 5235 and Code of Civil

---

[1] The relevant portion of Civil Code section 5205 states: "The association shall make available association records . . . for inspection and copying by a member of the association, or the member's designated representative." (*Id.*, subd. (a).) Under Civil Code section 5225, "[a] member requesting the membership list shall state the purpose for which the list is requested which purpose shall be reasonably related to the requester's interest as a member."

Procedure section 1094.[2] The trial court granted the motion, finding appellant had made proper requests and respondent had given no valid reason for not making the requested documents available. It ordered appellant to submit a proposed peremptory writ of mandate and proposed judgment within 15 days and pay the $25 fee for issuance of the writ.

The writ issued on May 3, 2021. However, the trial court made one significant change to language proposed by appellant. Appellant had addressed the writ to the notice of both respondent "and its officers, directors, and/or managing agents." The trial court crossed out the quoted phrase, thereby making the writ to the notice only of respondent association.

Appellant served the writ on the respondent on May 14, 2021. Respondent stated it had produced records responsive to each of appellant's requests.

On October 21, 2021, nine months after making his initial request to the association, appellant filed a motion to compel respondent's compliance with the writ and ordering it to pay a penalty. In the motion, appellant stated respondent had only made a partial production and was refusing to produce other documents to which he was entitled. He also said respondent had failed to produce original electronic versions of the documents. As part of his argument for compelling enforcement of the writ, appellant asked the court to order respondent's officers, directors, and managing agents to comply with the writ. Respondent opposed such relief, arguing that no individual officer or director had been served with the writ of mandate, and respondent should not be permitted to "expand the scope of who is identified in the writ after the writ has been issued."

The trial court issued a tentative ruling on December 10, 2021, granting appellant's request to fine respondent, but denying his request to compel the individual

---

[2] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

3

officers and directors to comply.  Because these individuals were not explicitly named as respondents in the original petition, the trial court concluded they could not be part of the case.  Both counsel submitted on the tentative and it became the final ruling.

## DISCUSSION

Appellant challenges the trial court's refusal to compel individual officers' and directors' compliance, couching the issue two ways.  First, to the extent the trial court concluded it lacked jurisdiction to enforce the writ against the officers and directors of the association because they were not named, he feels the conclusion was incorrect.  Second, he points out that the trial court has authority to make additional orders necessary and proper for enforcement of the writ.  We conclude the trial court could and should have ordered the board members to comply with the writ under either framing.

## I.        Standard of Review

The central question is whether the trial court had the power to order the individual board members to comply under section 1097 even though they were not named defendants.  Section 1097 provides a mechanism through which the trial court can impose a fine or "make any orders necessary and proper for" complete enforcement of the writ.

Statutory construction is a matter for independent appellate determination. (See *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527 (*Reid*).)  "'Under settled canons of statutory construction, in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose.  [Citation.]  We must look to the statute's words and give them "their usual and ordinary meaning."  [Citation.]  "The statute's plain meaning controls the court's interpretation unless its words are ambiguous."  [Citations.] "If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." [Citation.]' (*Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 387–388.)" (*Reid*, *supra*, 50 Cal.4th at p.  527.)

4

## II.        Enforcement of Writ

"If a peremptory mandate has been issued and directed to an inferior tribunal, corporation, board, or person, and it appears to the court that a member of the tribunal, corporation, or board, or the person upon whom the writ has been personally served, has, without just excuse, refused or neglected to obey the writ, the court may, upon motion, impose a fine not exceeding one thousand dollars.  In case of persistence in a refusal of obedience, the court may order the party to be imprisoned until the writ is obeyed, and may make any orders necessary and proper for the complete enforcement of the writ."  (§ 1097.)

The striking thing about this language is it plainly suggests members of the board, not just the board as an entity, are obligated to comply with the writ.  Otherwise, why make imposition of a fine contingent on any *member's* refusal or failure to obey it without a just excuse?  To us, this framework makes logical sense.  Service of a writ on the board brings the board members within the court's jurisdiction in a writ proceeding.  And should the board members persistently refuse to obey the writ, section 1097 gives the court the ability to inflict punishment on them personally.  (See *Taylor v. Burks* (1907) 6 Cal.App. 225, 227 (*Taylor*).)  So it is not necessary for the members of the board to be individually named in order for the court to compel their compliance.  While *Taylor* states "the better practice is in most cases to name the individual members," it goes on to say it is "not necessary to do so" except where individual board members are causing the board as a whole to disobey.  (*Id.* at pp. 227-228.)  We have no such information in this case.

Our interpretation of the statute also finds support in section 128 regarding the powers given to the trial court.  "Every court shall have the power to [¶] . . . [¶] (4) . . . compel obedience to its judgments, orders, and process" and to "control in furtherance of justice, the conduct . . . of all other persons in any manner connected with a judicial proceeding before" the court.  (*Id.*, subds. (a)(4) & (a)(5).)  The board members

5

are such persons and their conduct can be controlled as it pertains to judgments and orders entered against the board.

This is because basic principles of corporate law apply to homeowners associations. (See *Finley v. Superior Court* (2000) 80 Cal.App.4th 1152, 1161; see also Civ. Code, § 4805, subd. (a).) By these principles, the board of the association is the body tasked with directing its activities and affairs. (See Corp. Code, § 7210.) In essence, the association cannot act but through its board members. (See *Signal Oil Etc. Co. v. Ashland Oil Etc. Co.* (1958) 49 Cal.2d 764, 779 (*Signal Oil*).) As stated in *Signal Oil*: "It has long been settled that 'The Directors are the chosen representatives of the corporation, and constitute, . . . to all purposes of dealing with others, *the corporation*. What they do within the scope of the objects and purposes of the corporation, the corporation does.' (*Maynard v. Fireman's Fund Insurance Co.* (1867) 34 Cal. 48, 57.) [¶] An injunction against the corporation, therefore, is clearly an injunction against the directors, acting in their capacity as directors. 'A corporation, as an artificial entity, cannot of itself perform or refrain from performing an act; only its officers and agents can. An injunction against a corporation binds not only the so-called "corporate entity" but also all persons who act for the corporation in the transaction of its business and have knowledge of the decree.' [Citation.]" (*Signal Oil*, *supra*, 49 Cal.2d at p. 779.)

Indeed, we observe that the trial court's excision of the words "officers, directors, and/or managing agents" from the writ of mandate had no effect on its legal scope. A writ commanding the board's performance of certain acts *necessarily* commands the board's agents to perform such acts on its behalf, whether or not the trial court explicitly states as much.

6

## DISPOSITION

The order denying appellant's motion to compel respondent's officers, directors, and managing agents to comply with the peremptory writ of mandate is reversed and remanded with instructions to enter an order granting the motion in its entirety.  Appellant to recover his costs on appeal.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOORE, J.

SANCHEZ, J.